UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MUNIZ,<br><br>          Plaintiff,<br><br>   v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. 25-cv-00695-NW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND FOR PAYMENT OF BENEFITS; GRANTING DEFENDANT'S MOTION TO REMAND FOR FURTHER PROCEEDINGS**<br><br>Re: ECF Nos. 14, 17 |

Plaintiff Tina Muniz ("Plaintiff" or "Muniz") seeks judicial review of the final decision by an Administrative Law Judge ("ALJ") denying her application for Title II and Title XVI disability benefits. Compl., ECF No. 1. Plaintiff moved for summary judgment, requesting a remand for payment of benefits for the period from September 16, 2017, through December 10, 2020, or, in the alternative, a remand for further proceedings. Plaintiff's Opening Brief, ECF No. 14 ("Pl.'s Br."). The Commissioner of the Social Security Administration ("Commissioner" or "Defendant") conceded that the ALJ's final decision contained legal errors, but opposed a remand for the payment of benefits, moving instead for a remand for further proceedings. Defendant's Brief Requesting Remand, ECF No. 17 ("Def.'s Br."). Plaintiff filed a reply maintaining that a remand for benefits is the only appropriate remedy. Plaintiff's Response to Defendant's Motion for Remand, ECF No. 20 ("Reply").

Defendant argues that Plaintiff has not demonstrated her entitlement to benefits and there are still issues to be solved. *See* Def.'s Br. at 5. Plaintiff argues that the record is fully developed and that, if the records are properly considered, there can be no serious doubt that Plaintiff's disability began September 6, 2017. *See* Reply at 5. A court may direct the award of benefits

United States District Court
Northern District of California

where "no useful purpose would be served by further administrative proceedings, . . . or where the record has been thoroughly developed." *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). The Court finds that outstanding issues remain, and further administrative proceedings would serve a useful purpose.

Pursuant to Civil Local Rule 16-5, the matter is submitted for decision without oral argument. The Court GRANTS Defendant's motion to remand for further proceedings and DENIES Plaintiff's motion to remand for payments of benefits for the period from September 16, 2017, through December 10, 2020.

## I.    BACKGROUND

On December 5, 2017, Plaintiff filed an application for disability insurance benefits under Title II and Title XVI for a period beginning September 6, 2017. Administrative Record ("AR") 213-24, ECF Nos. 13-1–13-21. According to Plaintiff, the administrative record demonstrates that she was unable to work because of her carpal tunnel syndrome, fibromyalgia, chronic pain, osteoarthritis, bursitis, asthma, obesity, and depression. Pl.'s Br. at 5 (citing AR 26, 243-49). The State consultative psychologist Janine Marinos, Ph.D. ("Dr. Marinos") conducted a psychological evaluation of Plaintiff on February 16, 2018. AR 417. Dr. Marinos opined that "Muniz appeared able to understand, remember, and carry out simple job instructions and interact appropriately with others, but would have moderate difficulty maintaining concentration and coping with the usual stresses in a job setting." AR 418.

The assigned ALJ Ruxana Meyer held an administrative hearing on September 17, 2019. AR 33. ALJ Meyer issued an unfavorable hearing decision on October 22, 2019. AR 12-28. ALJ Meyer considered the question of "whether the claimant is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act," and concluded that Muniz "has not been under a disability within the meaning of the Social Security Act from September 6, 2017, through the date of this decision." AR 28. Though ALJ Meyer found that Muniz suffered from severe, medically determinable impairments, she determined Plaintiff could perform light work, except standing and walking, for 4 hours per day despite Plaintiff's impairments of chronic pain, carpel tunnel, and arthritis. AR 18, 25.

United States District Court
Northern District of California

Pursuant to 42 U.S.C. §§ 405(g), 1383(c), Plaintiff initiated a civil action in this District on August 19, 2020.[1]  *See* AR 1399-1400; *see also Muniz v. Saul*, No. 4:20-CV-05848-DMR.  On May 27, 2021, the court granted the stipulation between Plaintiff and the Commissioner to remand the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  AR 1403-05.  The Appeals Council accordingly vacated the Commissioner's previous decision and remanded the case to an ALJ.  AR 1406-07.  ALJ Meyer held a new hearing on November 2, 2021.  AR 1336.  In a new decision issued December 8, 2021, the ALJ determined that Plaintiff was disabled within the meaning of the statute beginning December 11, 2020, but was not disabled any point before then (*i.e.,* Plaintiff was not disabled from September 6, 2017, through December 10, 2020).  AR 1328.

Plaintiff again commenced a civil action in this District on March 31, 2022.  AR 2533; *Muniz v. Kijakazi*, 5:22-CV-02074-EJD ("*Muniz II*").  On December 6, 2023, the court remanded the matter to the agency for further proceedings.  AR 2539-61.  In its order the court stated, "Here, Marinos opined that Muniz could perform 'simple job instructions and interact appropriately with other,' but that Muniz 'may have moderate difficulty maintaining concentration and coping with the usual stresses in a job setting." AR 2548.  The court continued, "Marinos conveyed that Muniz's performance at work may be moderately impacted by her ability to concentrate and cope with stress.  Thus the ALJ must consider Muniz's ability to concentrate and her stressors and responses to stress-causing conditions." *Id.* (footnote omitted).  Plaintiff requested a remand for an immediate award of benefits, arguing that the vocational expert testified that an individual off-task 15 percent of the workday is unemployable.  *See Muniz II*, ECF No. 14-1, at 24-25.[2]  The court denied Plaintiff's request to award immediate benefits because "[n]othing in the decision nor

---

[1] According to 42 U.S.C. § 405(g), a claimant may seek judicial review in a district court after the Appeals Council has denied a request for review, rendering the ALJ's decision the "final decision" of the Commissioner.  *See R.S. v. Kijakazi*, No. 20-CV-06905-JCS, 2022 WL 888439, at *1 (N.D. Cal. Mar. 25, 2022).  Here, Plaintiff timely requested review of ALJ Meyer's decision; however, the Appeals Council denied the request on July 1, 2020.  AR 1-6.  Accordingly, the ALJ's decision stands as the Commissioner's final decision, and this District has jurisdiction to hear Plaintiff's appeal.

[2] A court may take judicial notice of its own records in other cases, as well as the records of courts in other cases.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

in Marinos's assessment indicate[d] that Muniz's moderate difficulty concentrating renders her 'off task 15% of the workday,' nor does Plaintiff offer any support for this number." AR 2560; *see also Muniz v. Kijakazi*, No. 5:22-CV-02074-EJD, 2023 WL 8461174, at \*12 (N.D. Cal. Dec. 6, 2023). Because the court concluded it was "unable to provide meaningful review without an explanation to clarify why the ALJ posed a hypothetical using 15%," it remanded the case to the agency for further proceedings. AR 2560-61.

The Appeals Council accordingly vacated the Commissioner's final decision and remanded Plaintiff's case to a new ALJ. AR 2562-66. On October 24, 2024, after a new hearing, ALJ Davis Yee issued a decision that mirrored ALJ Meyer's finding, namely again determining that Muniz became disabled as of her age category shift on December 11, 2020, but was not disabled before that time. AR 2489-2512.

Plaintiff sought review in this Court pursuant to 42 U.S.C. § 405(g) and requested remand for payment of benefits. Pl.'s Br. at 2 and Reply at 6. Defendant conceded legal error in the RFC finding but requested remand for further administrative proceedings. Def.'s Br. at 6.

## II.    LEGAL STANDARD

A court has discretion to remand a case either for additional evidence and findings or to award benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). In cases where the Social Security Administration ("SSA") erred in reaching its decision to deny benefits, § 405(g) permits the court to "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." *Id.* (quotations omitted). The reviewing court may "reverse and remand a determination by the Commissioner with instructions to calculate and award benefits," but only when it is "clear from the record that a claimant is entitled to benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). An "automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018). When "[1] the record before the agency does not support the agency action, . . .[2] the agency has not considered all relevant factors, or . . . [3] the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course,

except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

The Ninth Circuit applies a three-step framework to assess whether the reviewing court should remand for an award of benefits rather than further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Under the "credit-as-true" rule, to remand for an award of benefits, the court first determines that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Id.* at 1101. If the court finds such an error, it must determine whether "the record has been fully developed," whether there are "outstanding issues that must be resolved before a determination of disability can be made," and "whether further administrative proceedings would be useful." *Id.* When these first two conditions are satisfied, the court then credits the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability. *Leon*, 880 F.3d at 1045. Even if all conditions are met, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings. *Id.*

## III. DISCUSSION

The Commissioner argues that the proper remedy is a remand for further administrative proceedings. Def.'s Br. at 5. Plaintiff argues the record is fully developed and there can be no serious doubt that Plaintiff is disabled. Reply at 5.

The Court begins its analysis with the three-step framework set forth above. Defendant concedes that Plaintiff has demonstrated the first step—namely, that the ALJ's decision contained legal errors by failing to incorporate the "moderate limitations" identified by Dr. Marinos into the RFC finding. Def.'s Br. at 2, 5. As a result, the Court moves directly to step two and must determine whether the record has been fully developed, whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether further administrative proceedings would be useful.[3]

---

[3] Plaintiff spends much of her briefing explaining that the Commission made multiple, identical legal errors. According to Plaintiff, "[a]llowing the Commissioner to decide the issue again would create an 'unfair heads we win, tails, let's play again' system of disability benefits adjudication."

United States District Court
Northern District of California

At the second step, the Court considers whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1103. Plaintiff insists the record is fully developed and there is no serious doubt that her disability began September 6, 2017. *See* Reply, at 5. As evidence for these claims, Plaintiff points to Dr. Marinos's opinion that Plaintiff would have "moderate difficulty" in concentration and stress management as well as the vocational expert's testimony stating that an individual off-task for 15% of the workday would be "unemployable." *Id.* at 4-5. Given the context, Plaintiff claims that the ALJ implicitly found that Plaintiff's "moderate difficulties" would manifest as an inability to remain on-task for at least 15 percent of the work day. *See Stubbs Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that the ALJ is responsible to translate medical opinions into an RFC formulation "consistent with restrictions identified in the medical testimony."). Because such an individual is unemployable, Plaintiff claims the ALJ should find her disabled. *See* Reply at 5.

But Plaintiff reads too much into the question posed to the vocational expert. At the hearing on November 2, 2021, ALJ Meyer asked the vocational expert whether, hypothetically, an individual suffering from Plaintiff's same conditions would be employable *if* she were "off task 15% of the workday." AR 1367. The vocational expert indicated that, assuming those facts, the individual would be "unemployable." *Id.* However, nothing from the record indicates the ALJ intended to translate "moderate difficulties" into a 15 percent off-task figure. *See id.* During the hearing on August 13, 2024, ALJ Davis Yee asked Plaintiff for support for the 15 percent figure but did not explicitly adopt it as a translation of any medical opinion. *See* AR 2526-27, 2798.

Plaintiff's citations to *Garrison v. Colvin*, one of the rare instances where the Ninth Circuit granted a remand for repayment, are unpersuasive. *See Garrison*, 759 F.3d at 1022. In *Garrison*, the record showed that the plaintiff testified to severe impairments, and a vocational expert explicitly testified that a person with the impairments described by the plaintiff or her doctors

---

*See* Reply at 3; *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, the Court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony, even if that legal error was made more than once. *See Treichler*, 775 F.3d at 1106. Mere recurrence of error does not automatically satisfy the three-step credit-as-true test.

could not work. *Id*. Here, the vocational expert's testimony regarding unemployability was merely a response to the ALJ's hypothetical question rather than a finding based on the specific impairments actually assessed to Plaintiff. *See* AR 1367.

Additionally, Plaintiff previously raised a similar argument using the same record citations, and the court rejected it. *See* AR 2560; *Muniz II*, 2023 WL 8461174, at *12 (N.D. Cal. Dec. 6, 2023). There, the court concluded it was "unable to provide meaningful review without an explanation to clarify why the ALJ posed a hypothetical using 15%." *Id.* Despite this prior ruling, Plaintiff has again failed to point to any legal authority or explanation supporting a translation of "moderate limitation" into "15 percent off-task." In the new hearing before ALJ Yee, Plaintiff simply argued that "common sense tells us that moderate would need at least a 15 percent limitation in terms of one doing their work effectively." AR 2527. But Plaintiff's "common sense" does not equate to a formal finding from the ALJ. The ALJ must specifically consider how the SSA understands and interprets the term "moderate difficulties" and apply that to Plaintiff's case.

Plaintiff has failed at step two; it is clear from the record currently before the Court that further administrative proceedings are needed to make a disability determination. The Court therefore does not reach step three in crediting Plaintiff's testimony and medical opinions as true for the purpose of a disability determination. *See Leon*, 880 F.3d at 1048.

Accordingly, although the Commissioner repeated the legal errors from the prior proceedings, further administrative action is necessary and will serve a useful purpose. As the Commissioner suggests, such proceedings are needed to reevaluate Dr. Marinos's medical opinion and to clarify how the "moderate limitations" Dr. Marinos identified would have impacted Plaintiff's functional capacity to work between September 6, 2017, and December 10, 2020. *See* Def.'s Br. at 2-3, 6. The proper remedy is to remand for further proceedings.

\\

\\

\\

\\

## IV.    CONCLUSION

The Court finds that outstanding issues remain, and further administrative proceedings would serve a useful purpose.  The Court GRANTS Defendant's motion to remand for further proceedings and DENIES Plaintiff's motion to remand for payment of benefits.  The Court shall enter a separate judgment, after which the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: March 9, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

8